Thomas C. DEVLIN, M.D. and I. L. Schweitzer, M.D., Plaintiffs-Appellants,

v.

Lawrence F. ROCKEY, M.D., Lester P. Bunchman, M.D., William J. East, M.D., Philip L. Wachtel, M.D., Warren W. Mills, M.D., Gilbert D. Fish, M.D., Thomas A. Haymond, M.D., and William C. Katel, M.D., Defendants-Appellees.

No. 13364.

United States Court of Appeals Seventh Circuit.

Oct. 5, 1961.

Rehearing Denied Oct. 24, 1961.

---

Robert J. Rafferty, of Thompson, Lewin & Rafferty, Chicago, Ill., for appellants.

David M. Burrell, Burrell & Holtan, Freeport, Ill., for defendants-appellees.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This diversity action was commenced by the filing of a complaint for declaratory judgment. All of the parties are medical doctors.[1] By their complaint plaintiffs sought a decree declaring that they had effected a dissolution of a partnership which had existed between the plaintiffs and defendants who had practiced medicine as partners under the trade name of Freeport Clinic in Freeport, Illinois. They alleged that the partnership was a partnership at will and that they had caused a notice of dissolution to be served upon the partners. They prayed for the entry of a decree declaring the rights of the parties in the partnership assets, winding up the partnership business and distributing the assets among the partners.

Subsequently, an amended complaint was filed and answered. Interrogatories served on defendants were answered. The parties took and filed depositions of plaintiffs, two of defendants and the clinic business manager. Finally, the trial court found that there was no genuine issue on the facts and granted defendants' motion for summary judgment and entered judgment for defendants against plaintiffs construing the contract favorably to defendants. This appeal followed.

The following facts appear to be undisputed. In 1955 plaintiff became associated with defendants in the Freeport Clinic. By letter dated March 31, 1959, plaintiff Devlin notified the members of the partnership that he intended to resign effective June 1, 1959. Plaintiff Schweitzer gave notice of his resignation by letter dated May 1, 1959 to be effective June 30, 1959. Before the effective date of either resignation, each plaintiff notified defendants by letter of his intent to terminate and dissolve the partnership.

The relevant portions of the partnership agreement provide:

"Article III

"Duration

"3.01 The partnership hereby created shall commence on the 1st day of January, 1956 and the duration of the partnership shall be indefinite, provided, however, that the same may be terminated and the business liquidated and discontinued upon a two-thirds majority vote of all the partners or upon the unanimous consent of all the partners.

\* \* \* \* \* \*

1. Plaintiffs (appellants) are Drs. Thomas C. Devlin and I. L. Schweitzer. Defendants (appellees) are Drs. Lawrence F. Rockey, Lester P. Bunchman, William J. East, Philip L. Wachtel, Warren W. Mills, Gilbert D. Fish, Thomas A. Haymond and William C. Katel.

"Article XI

"Withdrawal of Partners and Division of Earnings

"11.01 In the event of the death or the voluntary or involuntary withdrawal of any partner, the remaining partners agree to and shall continue as partners in accordance with the provisions of the Agreement. Upon the withdrawal or death of any partner, his rights or the rights of his estate, heirs, legatees, devisees, assigns, or personal representatives in and to the partnership property and assets and claims against the partnership shall be only as set forth in this article, and no other, and no more, which each partner for himself, his heirs, executors, administrators and assigns, hereby covenants and agrees shall be in full settlement payment and satisfaction of all rights, title, interest, and claims of such partner and his estate in, to or against the partnership property and assets or the partnership or the remaining partners. The other partners will continue in the exclusive use of the name Freeport Clinic together with any other person or persons that they may select and such event shall not work a dissolution of the partnership nor shall it cause any interruption in the conduct of the business.

\*     \*     \*     \*     \*     \*

"11.04 Any partner may voluntarily withdraw from the partnership upon sixty days notice in writing to the partnership, whereupon the partnership shall:

"A. Pay to the withdrawing partner the amount provided for in Paragraph 11.02(A).

"B. Pay to the withdrawing partner one-half of the amount provided for in 11.02(B) except that the sum shall be determined as of the date of withdrawal instead of date of death.

\*     \*     \*     \*     \*     \*

"Article XIV

"Distribution on Dissolution

"14.01 In the event of dissolution of the partnership, the distribution of the partnership assets to the partners after payment of all debts shall be as follows:

"A. Return of all capital contribution, if any.

"B. Payment of undistributed profits to the partners according to their interests therein.

"C. Any remaining assets shall be returned according to the partner's adjusted percentages at the time of the last monthly withdrawal.
\*     \*     \*     \*"

A statute of the State of Illinois provides:

"§ 42. When any partner retires or dies, and the business is continued \*     \*     \* [without liquidation of the partnership affairs] \*     \*     \* without any settlement of accounts as between him or his estate and the person or partnership continuing the business, *unless otherwise agreed*, he or his legal representative \*     \*     \* may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest \*     \*     \*." (Emphasis added.) Ill.Rev.Stat. 1959, ch. 106½, § 42.

Plaintiffs cite and rely upon the following additional statutory provision:

"§ 31. Dissolution [of a partnership] is caused: \*     \*     \* (1) Without violation of the agreement between the partners, \*     \*     \* (b) By the express will of any partner when no definite term or particular undertaking is specified \*     \*     \*." Ill.Rev.Stat.1959, ch. 106½, § 31.

Plaintiffs contend that the partnership agreement is a partnership at will and subject to dissolution by any partner at any time; that plaintiffs are entitled to the shares of partners as upon dissolu-

tion and not the amounts tendered to them as withdrawing partners; that the agreement is clear and unambiguous and that the trial court erred in considering "depositions taken in this cause" in granting summary judgment.

Defendants argue that plaintiffs are withdrawing partners and as such are limited to the amounts due them as such under the agreement.

■ It is implicit in Section 42 of the statute, supra, in the use of the words "unless otherwise agreed," that partners may provide by agreement the amounts to be paid to retiring partners by the surviving partnership. If the partnership agreement makes such provision, then it follows that Section 31, supra, would have no application. See, Lanier v. Bowdoin, 1939, 282 N.Y. 32, 24 N.E.2d 732.

An examination of the agreement under consideration demonstrates under Article III, supra, that the partnership shall be a continuing operation subject to termination upon "a two-thirds majority vote of all the partners or upon the unanimous consent of all the partners." Following such dissolution, distribution to the partners would be governed by Article XIV, supra. This situation is not before us and Article XIV is not determinative.

■ It is clear to us the "withdrawal of partners" and the resulting "division of earnings" as contemplated by Article XI, supra, covers the contingency present in the instant case and is short of the termination contemplated by Section III.

Plaintiffs resigned or withdrew from partnership and have terminated their affiliation with it regardless of the precise words they may have used in their notices of withdrawal, and they are to be treated as withdrawing partners under Article XI and paid the amounts determined by the formula therein set out.

We agree with plaintiffs that the partnership contract is clear and unambiguous. Our consideration of this agreement, without the aid of other evidence, leads us to the positive conclusion that the trial court did not err in construing the contract favorably to defendants' contentions. The summary judgment was properly entered.

We have considered all of plaintiffs' contentions raised in this appeal but conclude that the judgment entered below should be affirmed.

Affirmed.